# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 08-CR-0059-CVE |
| EDUARDO CARVAJAL-MORA a/k/a Eduardo Carbajal-Mora, | ) ) ) ) |
| Defendant. | ) ) |

### AMENDED OPINION AND ORDER[1]

Now before the Court is the Agreed Application to Continue Jury Trial and Extend Deadlines (Dkt. # 44). Defendant requests a continuance of the jury trial set for May 19, 2008 at 9:30 a.m. and has executed a speedy trial waiver. On May 7, 2008, the Grand Jury returned a superseding indictment (Dkt. # 34) charging defendant with conspiracy to distribute a controlled substance in addition to the existing charge of possession of 500 grams or more of a mixture or substance containing cocaine. Defense counsel states that he needs additional time to prepare for trial on the new charge. He also asserts that he recently received essential discovery from the government and he has had difficulty locating witnesses due to the length of time that has passed since the events giving rise to this case occurred. The government does not oppose defendant's request for a continuance.

Defendant's request for a continuance falls under § 3161(h)(8)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a

---

[1] The Court is filing an amended opinion and order to specify the amount of time excludable under the Speedy Trial Act. See infra, at 3. No other changes have been made to the original opinion and order.

continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(8)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In this case, the Grand Jury has filed a superseding indictment against defendant adding a new charge. The filing of a superseding indictment does not restart the speedy trial clock, but this is a factor that a court may consider when a defendant requests a continuance. United States v. Apperson, 441 F.3d 1162, 1181-82 (10th Cir. 2006); United States v. Mora, 135 F.3d 1351, 1355 (10th Cir. 1998); United States v. Smith, 24 F.3d 1230, 1234 (10th Cir. 1994). Defense counsel states that he has recently received important discovery from the government and, if trial proceeds on May 19, 2008, he will not have adequate time to review the discovery and prepare a defense. He also states that he has been unable to ascertain the identity and location of witnesses, because the alleged offense occurred two years ago.

Given the combination of factors, the Court finds that an ends of justice continuance is appropriate under the circumstances. The Court has compared the original indictment and the superseding indictment, and finds that the superseding indictment adds a substantial offense beyond

that charged in the original indictment. Defense counsel's request for additional time to prepare for trial on the new charge is reasonable, and defendant has executed a speedy trial waiver asking the Court to exclude any period of delay for an ends of justice continuance.[2] In addition, defense counsel has recently obtained discovery from the government and he has not been able to locate witnesses that may have relevant information. By themselves, neither delays in discovery or locating witnesses would justify granting a continuance. However, the combination of these factors coupled with the filing of a superseding indictment support defendant's request for a continuance. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.[3]

**IT IS THEREFORE ORDERED** that the Agreed Application to Continue Jury Trial and Extend Deadlines (Dkt. # 44) is **granted**. The jury trial set for May 19, 2008 at 9:30 a.m. is **stricken**, and jury trial is reset for June 16, 2008 at 9:30 a.m.

---

[2]  The Court notes that defendant's speedy trial waiver does not expressly state the length of time for which he waives his right to a speedy trial. Dkt. # 44, Ex. A. The Supreme Court and Tenth Circuit have rejected the use of prospective and open-ended speedy trial waivers. Zedner v. United States, 547 U.S. 489, 502 (2006); Williams, 511 F.3d at 1054-55. In this case, the Court will treat defendant's waiver as a request to continue the trial to the next-available jury trial docket rather than an open-ended waiver of his rights under the Speedy Trial Act.

[3]  The Court has reviewed the current scheduling order and notes that all deadlines, except for the jury trial, have expired. Therefore, this Opinion and Order does not reset any deadline in the scheduling order except for the jury trial.

**IT IS FURTHER ORDERED** that the time between May 19, 2008 and June 16, 2008 is excludable pursuant to 18 U.S.C. § 3161(h)(8).

**DATED** this 15th day of May, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT